IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

v.                              CRIMINAL ACTION NO. 1:09-cr-00206

THOMAS THEODORE TAYLOR,

          Defendant.

**MEMORANDUM OPININON AND ORDER**

On November 2, 2014, the United States Sentencing Guidelines were amended to reduce the guidelines in Section 2D1.1 by two levels for most drug offenses. (U.S.S.G. Amendment 782, Appx. C). Section 1B1.10 gives retroactive effect to these reductions and sets an effective date of November 1, 2015, for retroactively reduced sentences. On April 21, 2015, the Court entered an *Order* (Document 55) appointing the Federal Public Defender to represent the Defendant and directing the parties to respond with their positions with respect to application of Amendment 782 to the Defendant's case.

The Court has received and considered the original Presentence Investigation Report (PSR), original Judgment and Commitment Order and Statement of Reasons, plea agreement, and the addendum to the PSR from the Probation Officer. In addition, the Court has reviewed the responses from the United States (Document 58) and the Defendant (Document 59), submitted pursuant to the Court's *Order*. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

The Defendant pled guilty to possession with intent to distribute a quantity of oxycodone, in violation of 21 U.S.C. § 841(a)(1), on January 11, 2010. The PSR attributed to him three hundred forty three point five-eight (343.58) kilograms of marijuana equivalency, which at the time corresponded to a base offense level of twenty-six (26). He received a three-level reduction for acceptance of responsibility, resulting in a total offense level of twenty-three (23). He was in criminal history category IV after two points were added because he committed the offense while on parole and because he committed the offense less than two years after release from imprisonment on a sentence counted under subsection (a) or (b) of U.S.S.G. § 4A.1(e).[1] His original guideline range was 70 to 87 months. On May 5, 2010, the Court imposed a sentence of seventy-four (74) months of imprisonment. Under the amended United States Sentencing Guidelines, the Defendant's total offense level is twenty-one (21). The revised Guideline imprisonment range is 57 to 71 months. He is, therefore, eligible for a sentencing reduction.

While incarcerated, the Defendant has completed the drug education program and has satisfied his financial responsibilities. The Defendant has no disciplinary record within the Bureau of Prisons.

The United States "has no objection to the recalculated range of imprisonment." (Document 58 at 1.) Further, it "suggests that a sentence of about 61 months, slightly above the bottom of the new range, would be appropriate," but notes that "the Court has the discretion to reduce or refuse to reduce a defendant's sentence." (*Id.* at 1-2.)

Having considered the Defendant's original and amended guideline ranges, the original sentencing materials, the addendum to the PSR, and the parties' responses, the Court **ORDERS** that the Defendant's base offense level be reduced by two levels, to 24. After consideration of a

---

[1] The Court notes that only one further point was added under Section 4A1.1 because two points were added under subsection (d).

three-level reduction for acceptance of responsibility, the Defendant's new total offense level is twenty-one (**21**). Given his criminal history category of **IV,** a revised guideline imprisonment range of **57 to 71 months** is established. The Court further **ORDERS** that the Defendant's sentence be **REDUCED** to **sixty-four (64) months**. Finally, in accordance with U.S.S.G. § 1B1.10(e)(1), the Court **ORDERS** that his release date be no earlier than November 1, 2015.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: July 2, 2015

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA